**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIS YATCIN, | Case No.:  26cv1707 DMS VET |
| Petitioner, | **ORDER GRANTING PETITION; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; et al., | |
| Respondents. | |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, (Pet., ECF No. 1), and Motion for Emergency Temporary Restraining Order ("TRO Motion"), (ECF No. 3). Respondents filed a response, (Resp., ECF No. 5), and Petitioner filed a traverse, (ECF No. 5). For the following reasons, the Court grants the Petition and denies the TRO Motion.

## I.      BACKGROUND

Petitioner, a citizen of Turkey, came to the United States on or about November 9, 2022. (Pet. 2.) He was processed and released on his own recognizance. (*Id.* at 2–3.) Petitioner timely applied for asylum, obtained work authorization, complied with all conditions of his release, and remained law-abiding. (*Id.* at 3.) On February 20, 2026,

Border Patrol agents stopped Petitioner and his friend's car and took Petitioner into custody after asking him about his immigration status. (*Id.*) On March 11, 2026, an immigration judge ("IJ") denied Petitioner bond on jurisdictional grounds, but found, if she had jurisdiction, she would have released Petitioner on $2,500 bond and various conditions of release. (*Id.* at 6; Ex. C, Pet.) Petitioner remains detained at the Imperial Regional Detention Facility. (Pet. 4.)

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in her petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III. DISCUSSION

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted). Here, Petitioner was released on his own recognizance when he was re-detained and, therefore, had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

26cv1707 DMS VET

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner was detained after being stopped by Border Patrol. He received no notice or a pre-deprivation individualized determination. Respondents do not contest Petitioner's allegations, beyond a generalized statement that Petitioner was present in the country "without being admitted or paroled." (Resp. 2.) However, the evidence is clear that Petitioner was released on his own recognizance prior to being re-detained, (Ex. A, Pet.), and it appears he received no process when he was taken into custody. Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, based on the record, Petitioner has no criminal record and has not violated any of the conditions of his release. In fact, an IJ determined after Petitioner's re-detention that if she had jurisdiction, she would release Petitioner on bond. "While the government has an interest in enforcing immigration laws . . . it must pursue that interest 'in a manner consistent with the Constitution.'" *Munoz Materano*, 804 F. Supp. 3d at 420 (citation omitted). Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights. Accordingly, the Petition is **GRANTED**. The Court **ORDERS** Petitioner's immediate

26cv1707 DMS VET

release.[1]   Because the Court is ordering Petitioner's release, Petitioner's TRO Motion is **DENIED** as moot.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition and **DENIES** the TRO Motion as moot.   Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention.   Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this determination, the Court declines to consider Petitioner's other claims for relief.

4